UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :
v.                            :      Crim. No: 3:01CR00210(DJS)
                              :
JAVIER APONTE                 :

ORDER RE: CONTINUATION OF SUPERVISED RELEASE
MODIFICATION OF SPECIAL CONDITIONS OF SUPERVISED RELEASE

On February 6, 2003, the defendant, was sentenced to 1 day imprisonment and 5 years supervised release for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, Conspiracy to Possess with Intent to Distribute More than 50 Grams of Cocaine Base, by this Court.

The period of supervised release commenced on February 6, 2003 and imposed the general terms and conditions and also imposed special conditions and terms as follows: 1) The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, approved by the Probation Office, which may include testing to determine if he has used drugs or alcohol. He shall pay all, or a portion of, the costs associated with treatment, based on his ability to pay, in an amount to be determined by the probation officer; 2) The defendant shall participate in a mental health treatment program approved by the Probation Office. He shall pay all, or a portion of, the costs associated with treatment, based on his ability to pay, in an amount to be determined by the probation officer.

WHEREAS on June 7, 2006, United States Probation Officer Michael P. Rafferty informed the Court of violation behavior, in that Mr. Aponte was arrested and was believed to be drinking alcohol, any amount of which is deemed "excessive", given defendant's substance abuse history.

WHEREAS on June 28, 2006, the defendant was presented before the Court with representation by Attorney Richard Reeves and given the opportunity to be heard;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT the special conditions of the defendant's supervised release be added/modified requiring:

1) The defendant shall be placed on home confinement with alcohol monitoring for a period of 90 days. The defendant shall be subject to random and scheduled Breathalyzer tests, or other monitoring systems utilizing an alcohol detection device, as approved by the probation officer. The defendant shall be allowed out of his residence for employment, medical, treatment and legal appointments, religious obligations and as otherwise pre-approved by the Court or U.S. Probation Office. The costs of home confinement with monitoring will be borne by the U.S. Probation Office; 2) The defendant shall not reside with his wife for the 90 day period of home confinement; 3) The defendant shall abide by the State of Connecticut protective order; and 4) The defendant shall refrain from any and all use of alcoholic beverages, to include beer, wine and distilled spirits for the remainder of his time on supervised release. All other terms and conditions of supervised release remain in effect.

Signed and dated at Hartford, Connecticut this _6th_ day of July 2006.

IT IS SO ORDERED:

_____
Dominic J. Squatrito, Senior United States District Judge